IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY GRAY CHESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv1162-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiff Kimberly Gray Chester applied for disability insurance benefits pursuant to Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433. Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #11); Def.'s Consent to Jurisdiction (Doc. #12). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3]   *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-three years old at the time of the hearing before the ALJ, and had at least a high school education (Tr. 21). Plaintiff's past relevant work experience was as a X-ray technician. *Id*. At Step 1, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date (Tr. 12). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: history of alcohol abuse; degenerative disc disease of the lumbar and cervical spine; history of migraine headaches; depression; and sleep apnea. *Id*. However, the ALJ determined that neither Plaintiff's impairments, nor a combination of her impairments, meets or medically equals one of the listed impairments (Tr. 13). Next, the ALJ found that Plaintiff retained the RFC to perform unskilled light work, with several limitations (Tr. 14). At Step 4, the ALJ found that Plaintiff is unable to perform past relevant work (Tr. 21). Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that claimant can perform," including: restaurant hostess; blood donor assistant; children's attendant; or bench assembler of small parts (Step 5) (Tr. 22). Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*.

## IV. PLAINTIFF'S CLAIM

Plaintiff presents one claim for this court's review: "[w]hether the ALJ erred by failing to properly apply the pain standard to Plaintiff's allegations of disabling pain." Pl.'s Brief (Doc. #14) at 6. Specifically, Plaintiff argues that the ALJ failed to properly apply the standard for evaluating pain as set forth by the Court of Appeals for the Eleventh Circuit. *See id*. The Court of Appeals for the Eleventh Circuit has articulated its pain standard, governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Plaintiff argues that the ALJ failed to properly apply this pain standard, because, while the ALJ "found that the evidence of record satisfied the first prong of the three part pain standard, [the ALJ determined] that neither part two nor part three were met." Pl.'s Brief (Doc. #14) at 7. In support of this argument, Plaintiff quotes the ALJ's opinion, which states:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment.

*Id*. (quoting ALJ's Opinion (Tr. 13)).  As is evident from the ALJ's quote, the ALJ did apply the three part pain standard and determined that Plaintiff met the standard.  Thus, Plaintiff's argument is without merit.

Once an ALJ determines that the pain standard is met, the ALJ then turns to the question of whether a claimant's testimony of the disabling nature of the pain is credible. *See Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The ALJ detailed this process in the opinion.  Tr. 15.  As is made clear from the above quote, the ALJ found Plaintiff's complaints to be incredible.  This court reviews that decision to determine whether it was supported by substantial evidence.

After stating that Plaintiff met the gateway test to consider subjective complaints of pain, the ALJ clearly articulated reasons for finding that Plaintiff's statements concerning pain were not credible, based on: (1) the conservative nature of the treatment for Plaintiff's degenerative disk disease (epidural injections and prescriptions for Lortab and Flexeril); (2) Plaintiff's testimony that she only experiences migraines once and month and can control them, if she catches them early, by lying down and taking medication; (3) Plaintiff's discontinuing C-PAP treatments for sleep apnea with Dr. DeWitt in September of 2005 and her testimony that she had not used her C-PAP lately; (4) Dr. Brantley's diagnosis that Plaintiff's depression was in almost full remission; (5) Plaintiff's testimony that she had been clean and sober since may of 2008; (6) the assessments of doctors Brantley, McKeown, and

Colley;[5] (7) Plaintiff's current work as a restaurant hostess for twenty to thirty hours per week, in which she stands for four to five hours per day and lifts no more than ten pounds; and (8) Plaintiff's testimony regarding her daily activities. Tr. 20-21. The ALJ also stated that:

> The claimant's credibility is further undermined by the lack of objective diagnostic testing to support her allegations of debilitating pain. X-rays of the cervical spine revealed only mild subluxation at C4-5 without complication. X-rays of the lumbar spine were normal. Moreover, while an MRI of the cervical spine revealed evidence of possible herniation at C5-6, it was specifically noted that this resulted in no significant problems.

Tr. 21. It is with this statement that Plaintiff takes particular umbrage.

Plaintiff argues that this statement is "inaccurate at best" and that "[t]he record includes repeated references to the herniated disc in the claimant's neck." Pl.'s Brief (Doc. #14) at 9. However, Plaintiff fails to point this court to any "repeated references" in the record that supports her claims of disabling pain related to her medical condition. Conversely, the ALJ pointed to several instances in the medical record evidence where Plaintiff's X-rays and MRI revealed mild or normal conditions. *See* Tr. 16-20. As stated above, Plaintiff has already shown evidence of an underlying medical condition that could reasonably be expected to produce disabling pain. Accordingly, she must show that she does indeed suffer from that pain. The evidence she produced was subjective testimony, which

---

[5] The ALJ also specifically rejected the opinion of Dr. Leuschke based on its inconsistency with Dr. Leuschke's treatment notes, as well as Plaintiff's work activity and testimony of daily living. Tr. 20. Plaintiff does not challenge this aspect of the ALJ's opinion.

the ALJ rejected. The medical evidence, along with the other evidence listed above, provide substantial support to the ALJ's decision to find Plaintiff's complaints of pain to be incredible. The question is not whether or not Plaintiff suffered pain. Rather, whether she suffered disabling pain.

Plaintiff is unable to provide credible evidence that supports her argument that, due to disabling pain, she could not perform work consistent with the RFC, and this court finds no error in the ALJ's determination.

## V.  CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is supported by substantial evidence and is, therefore, AFFIRMED. A separate judgment will issue.

DONE this 2nd day of November, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE